### CHARLES HANDER V. JOHN BAADE.

Decided April 28, 1897.

**1. Judgment—Dismissal—Merits.**

A judgment can not at the same time dismiss a case and dispose of the contro-
versy on its merits. See judgment, professedly a dismissal, held to have been in-
tended to have the latter effect.

**2. Payment—Pleading.**

Defendant can not prove payment of the claim sued on, even by plaintiff's admis-
sions, without pleading same.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*Lessing & Hander*, for appellant.—The only effect of a general denial
to an action on a promissory note is to require plaintiff to produce the
note. And when the defendant to a suit on such note pleads nothing
in bar to such suit but a general denial, no evidence to defeat plaintiff's
right to recover on such note is admissible; and the admission of such
evidence in such case over objections thereto is error, and in such case
this court on appeal should disregard such evidence and reverse and
render judgment as if such evidence had not been offered. Rev. Stats.,
art. 1266; Battaglia v. Thomas, 5 Texas Civ. App., 567; Gray v. McFar-
land, 29 Texas, 169; Bedwell v. Thompson, 25 Texas Supp., 246; Robin-
son v. Brinson, 20 Texas, 440; Lewin v. Houston, 8 Texas, 96; Guess v.
Lubbock, 5 Texas, 535; Bank v. Pritchard, 2 White & W. C. C., sec. 132;
Mayblum v. Austin, 1 White & W. C. C., sec. 616; Nugent v. Martin, 1
White & W. C. C., sec. 1173.

The court erred in rendering judgment ordering plaintiff to sur-
render certain bank stock mentioned in its judgment, because there were
no pleadings or legal evidence before the court authorizing such judg-
ment or order, and such action on the part of the court was coram non
judice. 2 Black on Judg., sec. 794; 1 Bouv. Law Dic., "Coram Non
Judice."

*J. R. Downs*, for appellee.—It is not necessary to plead matter which
has been pleaded by the opposite party. Plaintiff's attorneys set out

in their plea of intervention such a statement of facts as showed affirmatively that their client had no title to recover in this cause. Graham v. Henry, 17 Texas, 165; Bourke v. Vanderlip, 22 Texas, 221.

The court did not err in refusing to permit plaintiff to plead the matter proffered by him as set forth in his bill of exceptions number 1, because, (1) the offer came too late; (2) there was no merit in the plea. Stewart v. Railway, 62 Texas, 246; Burrow v. Brown, 59 Texas, 459.

A court of equity by its decree will dispose of all matters in issue between the parties to the suit. Sayles' Civ. Stats., art. 1339; Voightlander v. Brotze, 59 Texas, 286; Black on Judg., sec. 146; Norvell v. Phillips, 46 Texas, 178.

When the judgment of the court does not appear to have affected injuriously any subsisting right of the party complaining of its action, the error or irregularity will not be ground for reversal. Glasscock v. Hamilton, 62 Texas, 151; Pridgen v. Adkins, 25 Texas, 388.

KEY, Associate Justice.—Appellant brought this suit against appellee upon a promissory note for $800, and to foreclose a lien upon ten shares of bank stock attached to the note as collateral security.

Appellee pleaded a general demurrer, general denial, and that an agreement had been entered into between him and the plaintiff extending the time of payment for one year, and therefore the note was not due.

Appellant, by supplemental petition, demurred generally and specially to defendant's answer, denied the facts therein alleged, and pleaded failure of consideration as to the alleged agreement extending the time.

W. H. Lessing and Edwin W. Hander, composing the law firm of Lessing & Hander, filed a petition of intervention, claiming that the 10 per cent attorney's fee stipulated for in the note sued upon had been assigned to and was owned by them, and they asked for judgment against the defendant for said amount.

Upon the trial the defendant offered in evidence the following written instrument:

"This is to certify that I have this day received from John Baade the sum of eight hundred and thirty-two dollars and 14-100 dollars in full payment of this note in my favor for the sum of eight hundred dollars and interest at the rate of 10 per cent, payable annually, dated Jan. 1, 1895. This amount is also received in full settlement of the suit now pending in the District Court of McLennan County, 19th Judicial District of the State of Texas, entitled Charles Hander v. John Baade, and it is hereby agreed that said suit may be dismissed at plaintiff's costs.

"Given under my hand, this the 26th day of May, 1896.

"Charles Hander."

The plaintiff objected to the introduction of this instrument, because

(1) the defendant had not pleaded any payment; (2) the execution of the instrument was not proved; (3) it was not declared on in any pleading filed by the defendant, so as to dispense with proof of its execution; (4) it had not been filed prior to its introduction in evidence; and (5) the plaintiff was not granted time to prepare and file pleas of non est factum and fraud perpetrated by the defendant in procuring said instrument. All of these objections were overruled, and the instrument admitted in evidence.

The note sued on and the instrument above copied constitute all the evidence that was placed before the court.

The judgment recites that all the parties—plaintiff, defendant, and intervenors—appeared and announced ready for trial; that after ruling on the exceptions the cause was heard on its merits, and after hearing the testimony the court was of the opinion that the law was with the defendant, and then the judgment reads: "It is ordered, adjudged, and decreed by the court, that the plaintiff and the intervenors take nothing by this suit. It is further adjudged and decreed by the court, that this cause be dismissed, and that the defendants do have and recover of the plaintiff, Charles Hander, all costs of suit, for which execution may issue." The judgment then proceeds to direct execution to issue in favor of the officers against each party for the costs incurred by such party, and also orders the collateral security mentioned in the plaintiff's petition to be surrendered to the defendant.

The court could not properly try the case on its merits and at the same time dismiss it; and in view of the terms of the judgment, it is difficult to determine exactly what the court did. But, considering all the provisions of the judgment, the statement of facts, and bills of exception, we are of the opinion that the court tried the case and intended to render a judgment settling the rights of the parties; and, such being the case, we are clearly of the opinion that the court erred in admitting in evidence the instrument of writing above set out. It is true that Lessing & Hander, who were the plaintiff's attorneys, stated in their petition of intervention — filed in their own behalf, and not as the plaintiff's attorneys — that the plaintiff had received the amount of money stated in and had executed said instrument. If this statement could be held to operate as an admission by the plaintiff—which we do not hold — such admission would not dispense with the necessity of a plea of payment by the defendant when, upon trial of the case, he offered the instrument as evidence of such payment; in other words, as the defendant failed to plead payment of the note, he had no right to offer any testimony tending to show such payment, even though he might have offered to put the plaintiff on the stand and prove the fact by him. We therefore hold that, because the defendant's answer contained no plea of payment, and he failed to prove the execution of the instrument referred to, it was reversible error to admit the same in evidence.

The other objections to the instrument are not likely to arise upon another trial, and therefore are not decided by this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*