**TEXAS EMPLOYERS' INS. ASS'N v. EDWARDS.**

**No. 2817.**

Court of Civil Appeals of Texas. El Paso. April 20, 1933.

James P. Swift, of Dallas, and Woodward & Coffee, of Big Spring, for appellant.

J. B. Cotten, of Crane, and Henry Russell and Hill D. Hudson, both of Pecos, for appellee.

HIGGINS, Justice.

This suit is to set aside a ruling of the Industrial Accident Board. Judgment was rendered in appellee's favor for lump sum settlement in the sum of $5,347.89, as compensation for injuries alleged to have been sustained by him in Winkler county on September 16, 1931, while an employee of the Stanolind Oil & Gas Company.

The question of appellee's average weekly wage was submitted under subdivision 1 of section 1, art. 8309, R. S.

Appellant presents the contention that the evidence was insufficient to show appellee's average weekly wage under this or any other subdivision of said section as a basis for the award of compensation.

■■ Appellee concedes the evidence is insufficient to establish his average weekly wage under that subdivision, but contends the evidence is sufficient to show such wage under subdivision 2, and the judgment should, for this reason, be sustained. As to the sufficiency of the evidence to sustain the judgment under subdivision 2 we need not inquire. The judgment is based upon a finding of the average weekly wage under subdivision 1, and it cannot be sustained even if there is sufficient evidence to show such wage under subdivision 2. Appellee waived his right of recovery under subdivision 2 by failing to request the submission of his average weekly wage under that subdivision. For this reason no finding by the court, under subdivision 2, can be implied in support of the judgment. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

■ The refusal to exclude the X-ray pictures referred to in the sixth proposition presents no error. The objection urged against their admission in evidence is a matter which should have been raised by motion to suppress, as provided by article 3765, R. S.

■■ Upon direct examination, appellee testified he had received some payments of

compensation. The amount of such payments was not shown. Appellant presents the point that, since plaintiff's own testimony shows he had received some payments, it was incumbent upon him to go farther with the evidence and show the amount received, and, in the absence thereof, it was impossible for the court to determine the amount of the judgment to which he was entitled.

Payment is affirmative defensive matter which must be pleaded by the defendant. In the absence of pleading by defendant raising the defense, the matter referred to was not in issue, and presents no error. Hander v. Baade, 16 Tex. Civ. App. 119, 40 S. W. 422.

Reversed and remanded.