Wilmeda C. BUTTS, Appellant,

v.

**NATIONAL STANDARD INSURANCE COMPANY, Appellee.**

No. 4634.

Court of Civil Appeals of Texas, Eastland.

Sept. 7, 1973.

Rehearing Denied Oct. 5, 1973.

---

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ralph C. Jones, Dallas, for appellant.

Bailey, Williams, Westfall & Henderson, David Westfall, Dallas, for appellee.

WALTER, Justice.

Wilmeda C. Butts recovered a judgment against National Standard Insurance Company in a workmen's compensation suit in the amount of $4,589.84. The court found that the insurance company had made prior payments to Mrs. Butts in the total amount of $2,147.70 and awarded her a judgment for $2,242.14.

Butts has appealed and contends the court erred in allowing the set-off of $2,147.70 because the insurance company did not affirmatively plead payment of these weekly compensation benefits.

The insurance company filed its petition to set aside the award to the Industrial Accident Board. Butts filed an answer and a cross-action. The insurance company filed its original answer to Butts' cross-action which contained a general denial. Thereafter, the insurance company filed its first amended original answer in which it pleaded a general denial and that the injury was confined to her left leg below the knee.

We have an abbreviated statement of facts which contains a portion of the testimony of Mrs. Butts and the complete testimony of Donald Walley, the claims representative for the company. He testified that according to the records in the file, Butts was paid weekly compensation benefits in the total amount of $2,147.70. Butts objected to this testimony because there were no pleadings to support the testimony relating to payment of weekly compensation benefits.

In Texas Employers' Ins. Ass'n v. Edwards, 59 S.W.2d 885 (Tex.Civ.App.—El Paso 1933, no writ) the court said:

"Upon direct examination, appellee testified he had received some payments of compensation. The amount of such payments was not shown. Appellant presents the point that, since plaintiff's own testimony shows he had received some payments, it was incumbent upon him to go farther with the evidence and show the amount received, and, in the absence thereof, it was impossible for the court to determine the amount of the judgment to which he was entitled.

Payment is affirmative defensive matter which must be pleaded by the defendant. In the absence of pleading by defendant raising the defense, the matter referred to was not in issue, and presents no error. Hander v. Baade, 16 Tex.Civ.App. 119, 40 S.W. 422."

In Nalle v. Harrell, 118 Tex. 149, 12 S.W.2d 550 (Tex.Com.App. § A—1929) the court said:

"'The great object of all discounts or set-offs is, to adjust the indebtedness between the parties, and to permit executory process to be enforced only for the balance that may be due.' Simpson v. Huston, 14 Tex. 476, 481. Set-off 'is the doctrine of bringing into the presence of each other the obligations of A to B and B to A, and by the judicial action of the court making each obligation extinguish the other.' 24 R.C.L. 796; Blount v. Windley, 95 U.S. 173, 24 L.Ed. 424."

Rule 94, Texas Rules of Civil Procedure requires affirmative defenses to be plead-

ed. It expressly requires payment to be pleaded and any other matter constituting an avoidance or affirmative defense.

The insurance company did not plead payment in any of its pleadings. An objection was made to the claims representative's testimony, therefore, it cannot be said the issue was tried by consent. No trial amendment was filed.

 The general denial filed by the company placed in issue the justness of Butts' claim, but did not place in issue the matters of set-off or payment. The set-off or payment is an affirmative defense which is required to be pleaded. We hold the court erred in allowing the set-off and in failing to grant Butts' motion for judgment.

The judgment is reversed and rendered for the appellant.