## AMERICAN SURETY CO. OF NEW YORK v. NORTON. (No. 7807.)

(Court of Civil Appeals of Texas. Galveston. Jan. 8, 1920. Rehearing Denied Jan. 29, 1920.)

1. Executors and administrators ⬤537(8)— Surety's defense that former administrator was insolvent unavailing unless pleaded.

In action by an administrator de bonis non against the former administrator and his surety for an accounting as to a note owing by the former administrator to decedent, a defense by the surety that the former administrator was insolvent if it constitutes a defense as against Rev. St. 1911, art. 3378, requiring an administrator to account for such debt in the same manner as if it were so much money in his hands, is not availing to the surety, unless it be pleaded; proof thereof under a general denial being insufficient.

2. Executors and administrators ⬤537(8) — Surety's defenses, to be available, must be presented in statutory way.

In a suit by an administrator de bonis non against the former administrator and his surety for an accounting as to a note owing by such administrator to his decedent in order that the presumption of payment from undisputed testimony that the note had been seen in the administrator's possession three days before testator's death, and that it was the community property of decedent and decedent's wife, may be availing, such defenses must be advanced in the statutory way, as provided by Rev. St. 1911, arts. 1906, 1907.

3. Husband and wife ⬤276(4)—Administrator may collect community note owing to estate.

An administrator has the right and is under the duty of collecting a note which is part of the community estate of his decedent and decedent's wife as against the claim of a former administrator's surety that only one-half of such note should be accounted for.

Appeal from District Court, Harris County; Lewis R. Bryan, Special Judge.

Action by L. E. Norton, administrator de bonis non of the estate of George E. Chase, against the American Surety Company of New York and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Wolters, Storey, Blanchard & Battaile, of Houston, for appellant.

Moody & Boyles and Stewarts, all of Houston, for appellee.

GRAVES, J. Norton, as administrator de bonis non of the estate of George E. Chase, deceased, brought this suit against Dana E. Chase, former administrator, and his surety as such, American Surety Company of New York, alleging:

"That at the time of the appointment of said Dana E. Chase, as such administrator, he was indebted to the said estate, in that on October 16, 1911, he executed and delivered to said George E. Chase and wife, Maria L. Chase, his certain promissory note, whereby he promised to pay to the order of said George E. Chase and Maria L. Chase, for value received, the sum of $3,000, with interest from said date at the rate of 8 per cent. per annum. * * *"

After setting up that certain small credits had been paid on this note before George E. Chase's death, the appointment and removal of Dana E. Chase as administrator after he had duly inventoried the note as part of the estate of George E. Chase, and the subsequent appointment of himself as administrator de bonis non, Norton's petition further charged:

"That said Dana E. Chase was required by law to account for his indebtedness to said estate, in the same manner as if it were so much money in his hands, but he has wholly failed and refused, and still refuses, to so account for said indebtedness, to plaintiff's damage in the sum of $5,000; and the defendant, American Surety Company, of New York, has by its said bond become obligated and bound to pay to plaintiff said sum of money."

The terms of the surety company's bond for Dana E. Chase as such administrator were that he "should well and truly perform all of the duties required of him under said appointment."

In answer both Dana E. Chase and the surety company pleaded failure of consideration, denied the justness of the debt, and averred that defendant Chase had received no benefit of any kind or character on account of the execution of the note. The surety company added an allegation that the note had been inventoried as a part of George E. Chase's estate against the will and over the protest of Dana E. Chase, specially set up its suretyship, and prayed for judgment over against Dana E. Chase in event Norton obtained judgment against it; but neither defendant alleged that Dana E. Chase at the time of his appointment and throughout his incumbency as administrator was insolvent, nor that the note had ever been satisfied, nor either that Norton was not entitled to recover in the capacity in which he sued, or that there was any defect of parties plaintiff,

On trial without a jury, the court rendered judgment in plaintiff's favor against both defendants for the full amount then due as a result of the execution of the note, with

like judgment in the surety company's favor over against its codefendant, Dana E. Chase.

The surety company alone has appealed. Its first contention here is that under the article of our statutes upon which the suit was grounded (R. S. Art. 3378):

"A surety on an administrator's bond is not liable for the indebtedness of the administrator of the estate upon which he is administering as so much money in his hands where it is shown that the administrator at the time of his appointment as such was hopelessly insolvent, and continued insolvent during the entire period in which he was acting as administrator."

The undisputed testimony of Chase to the fact that he was insolvent during the whole of his incumbency, as well as before and after that time, is then cited—the statute referred to is in this form:

"'The naming an executor in a will shall not operate to extinguish any just claim which the deceased had against him; and, in all cases where an executor or administrator may be indebted to the testator or intestate, *he shall account for the debt in the same manner as if it were so much money in his hands;* provided, however, that if said debt was not due at the time of receiving letters, he shall only be required to account for it from the date when it shall become due."

[1] The italicized portion is the provision upon which this action rested. While we are not prepared to hold that the statute should be so construed—in view of the positive language used— still it might be conceded, without changing the result here, that such insolvency would have availed the surety company as a defense, if it had so pleaded the matter; but, as stated, that was not done, and the company now contends that proof of it was equally effective under its general denial of the appellee's cause of action. To this we cannot agree. The appellee did not descend into particulars, or set up causes or reasons for the failure of the administrator to account for the debt he was alleged to have owed the estate, but simply charged his obligation to do so under the law, and his failure to comply. Proof of these general facts alone was sufficient to make out a prima facie case, and it was then incumbent upon appellant to overcome it by both allegation and proof of such defensive matter as the insolvency it now invokes; proof of that condition alone, in the absence of any pleading interposing it, did not make it the basis of an adjudication. Mims v. Mitchell, 1 Tex. 446; Cooper v. Loughlin, 75 Tex. 527, 13 S. W. 37; Grand Lodge, A. O. U. W., v. Schwartz, 205 S. W. 156, 158.

[2] A like result, we think, obtains concerning the contentions presented under appellant's second and third assignments, that presumption of its having previously been satisfied arose from the fact that Dana E. Chase was indisputably shown to have had the note in his possession three days before his testator's death, and that since both the terms of the note and outside evidence showed it to be the community property of George E. Chase, deceased, and his wife, Maria L. Chase, the wife's interest could not be recovered for by Norton in his capacity as administrator of the deceased husband's estate alone. As was first recited, neither of these defenses was set up in the pleadings of either defendant; no payment of the note being claimed and no objection to the capacity in which Norton sued for the whole of the debt being raised. That it was necessary to advance both matters in the statutory way seems clear. Articles 1906 and 1907; Marley v. McAnelly, 17 Tex. 660; Rickey Grocery Co. v. Warnell, 103 S. W. 419; Hander v. Baade, 16 Tex. Civ. App. 119, 40 S. W. 422, 423.

[3] Despite this state of the pleadings, however, the surety company insists that it was fundamental error for the court to render judgment in Norton's favor, as administrator, for the whole of the debt the note evidenced when it appeared from both pleadings and proof that only half of it belonged to his testator, George E. Chase. If well founded, this objection simply amounts to saying that the judgment to the extent of one-half of its amount is founded upon a fundamentally different theory or basic cause of action to that declared upon by the plaintiff therein. As such it could be urged upon appeal, whether raised below or not. Celli v. Sanderson, 207 S. W. 179 (par. 1), and authorities there cited.

We cannot agree, however, that the pleadings here really present only one substantive theory of a recoverable right, and that the judgment to the extent of one-half its amount is based upon a different and inconsistent one, because, the note being part of the community estate of George E. and Maria L. Chase, his wife, the former's administrator had the right, indeed was under the duty, to collect it in its entirety, and the presumption of law was that he did so. Carlton v. Goebler, 94 Tex. 93, 58 S. W. 829, 830.

From these conclusions it follows that all assignments should be overruled, and the judgment affirmed. That order will be entered.

Affirmed.