**AMERICAN SURETY CO. OF NEW YORK v. NORTON. (No. 256–3472.)**[*]

(Commission of Appeals of Texas. Section B. March 29, 1922.)

**1. Executors and administrators ⬤⟹50—Executor or administrator liable for individual debt to deceased as though amount came into his hands in cash at maturity.**

Under Rev. St. art. 3378, whether an executor or administrator be solvent or insolvent as an individual, he is liable for his debt owed to the estate of his testator or intestate as though the amount ˏthereof came into his hands in cash, if maturity is after the time of his receiving letters, and, if such debt was due at the time of his receiving letters, he is individually liable for it just as if the amount of such indebtedness came into his hands in cash at that time, and his fiduciary obligation to the estate as fixed by article 3353 is not affected thereby.

**2. Executors and administrators ⬤⟹528(5)—If due to neglect in fiduciary capacity, an administrator failed to pay individual debt to the estate his surety is liable.**

Under Rev. St. art. 3310, by which sureties contract that an administrator shall "well and truly perform all the duties required of him under said appointment," if an administrator, due to neglect in his fiduciary capacity, failed in his individual capacity to pay his debt due to the estate, his sureties became liable.

**3. Executors and administrators ⬤⟹537(8)— Petition not charging failure to show ordinary diligence of administrator in fiduciary capacity to secure debt owed by him individually to estate demurrable.**

In an action against the sureties of an administrator for his failure to collect money owing the estate by the administrator in his individual capacity, where the petition did not allege any failure of duty to use ordinary diligence in his fiduciary capacity to secure to the estate the proceeds of the debt, the petition was demurrable.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by L. E. Norton, administrator de bonis non of the estate of George E. Chase, deceased, against the American Surety Company of New York and another. From judgment of the Court of Civil Appeals (220 S. W. 437) affirming judgment for plaintiff, defendant named brings error. Reversed and remanded.

Walters, Storey, Blanchard & Battaile, of Houston, for plaintiff in error.

Moody & Boyles, of Houston, and Stewarts, of Galveston, for defendant in error.

HAMILTON, J. On October 5, 1912, Dana E. Chase was appointed, by the county court of Harris county, administrator of the estate of George E. Chase, deceased. The American Surety Company of New York became the surety on the administrator's bond. At the time of his appointment, Dana E. Chase was indebted to the estate of George E. Chase, as evidenced by a promissory note, for the principal sum of $3,000, amounting, at the time of the judgment in the district court, to $4,056.75, after deducting certain payments made thereon. The note was listed in the inventory of the estate, as shown by the administrator's supplementary inventory and appraisement, filed in obedience to the orders of the county court.

Thereafter Dana E. Chase was removed from the administratorship by the court, and L. E. Norton, defendant in error, was appointed administrator de bonis non of the estate. Norton brought this suit, alleging the indebtedness, and that "Dana E. Chase was required by law to account for his said indebtedness to said estate, in the same manner as if it were so much money in his hands, but he has wholly failed and refused, and still refuses, to so account for said indebtedness, to plaintiff's damages in the sum of $5,000; and the defendant American Surety Company of New York has by its said bond became obliged and bound to pay to plaintiff said sum of money."

Judgment was rendered in the district court against Dana E. Chase and the American Surety Company, and in favor of the American Surety Company against Chase,

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[*]Rehearing denied April 26, 1922.

upon ·payment of the judgment by the company. The surety company appealed, and the Court of Civil Appeals at Galveston affirmed the judgment. 220 S. W. 437.

The surety company was granted a writ of error, and the case is before us upon assignments in its application set out, the first of which is that—

"The Court of Appeals erred in holding that a petition alleging the existence of a debt owing by the administrator to the estate upon which he is administering at the time of his appointment, and charging said administrator's obligation under the law to account for his indebtedness as so much money in his hands, and a failure on his part so to do, was sufficient to state a cause of action in the face of a general demurrer, as against the sureties upon the administrator's bond."

As to the liability of the sureties of an administrator or an executor for a debt owed by their principal to the decedent, there are two opposing doctrines. In several of the states it is held that such a debt is regarded as paid the moment such administrator or executor qualifies and becomes the representative of his deceased creditor, and has therefore assets in his hands for which his sureties are liable, if he fails to account therefor, notwithstanding he was insolvent at the time of his appointment and continued to be so throughout the time of his fiduciary capacity. Stevens v. Gaylord, 11 Mass. 269; Probate Judge v. Sulloway, 68 N. H. 511, 44 Atl. 720, 49 L. R. A. 347, 73 Am. St. Rep. 619; Wright v. Lang, 66 Ala. 389; James v. West, 67 Ohio St. 28, 65 N. E. 156.

In a number of other jurisdictions it is held that the surety of the administrator or executor is liable for his personal debt to the estate unless he has been insolvent throughout · his administratorship. Burkhalter v. Norton, 3 Dem. Sur. (N. Y.) 610; Baucus v. Barr, 45 Hun (N. Y.) 582; Keegan v. Smith, 60 App. Div. 168, 70 N. Y. Supp. 260; Matter of Piper's Estate, 15 Pa. 533; Bard's Estate, 13 Pa. Dist. R. 552; State v. Gregory, 119 Ind. 503, 22 N. E. 1; Buckel v. Smith's Adm'r (Ky.) 82 S. W. 235, 1001; Potter v. Titcomb, 7 Greenl. (Me.) 302; Sanders v. Dodge, 140 Mich. 236, 103 N. W. 597, 112 Am. St. Rep. 399; Scott v. Governor, 1 Mo. 686; Young v. Thrasher, 48 Mo. App. 327; Wilson v. Ruthrauff, 82 Mo. App. 435; Howell v. Anderson, 66 Neb. 575, 92 N. W. 760, 61 L. R. A. 313; Rader v. Yeargin, 85 Tenn. 486, 3 S. W. 178; Lyon v. Osgood, 58 Vt. 707, 7 Atl. 5.

The question has not been adjudicated in this state.

[1] Article 3378 of the Revised Civil Statutes of Texas is as follows:

"The naming an executor in a will shall not operate to extinguish any just claim which the deceased had against him; and, in all cases where an executor or administrator may be indebted to his testator or intestate, he shall account for the debt in the same manner as if it were so much money in his hands; provided, however, that if said debt was not due at the time of receiving letters, he shall only be required to account for it from the date when it shall become due."

This article imposes no fiduciary duties. It deals with the duty of an executor or administrator as an individual to the estate with respect to his individual debts to it. It is plain and unambiguous. It is all-inclusive in its designation of the cases in which the executor or administrator shall account for the debt he may owe to his testator or intestate "in the same manner as if it were so much money in hands at maturity." It designates all cases. Therefore, whether he be solvent or insolvent, as an individual distinct from his fiduciary capacity, an executor or administrator is liable for his debt owed to the estate of his testator or intestate at maturity the same as though the amount of such indebtedness came into his hands in cash at the date of maturity of such debt, if such date of maturity is after the time of his receiving letters. If such debt was due at the time of his receiving letters, he is individually liable for it just as if the amount of such indebtedness came into his hands in cash at that time. The statute has no effect upon his fiduciary obligation. That obligation is fixed by article 3353 of the Revised Civil Statutes of Texas, and is the same with respect to debts due to the estate by all persons, including the executor or administrator.

The obligation imposed by that article is one of ordinary diligence to collect every claim due to the estate he represents, and to recover possession of all property to which the estate has a right, provided there be a reasonable prospect that such claim can be collected or such property recovered; and, if any executor or administrator shall neglect to use such diligence, he and the sureties on his bond shall be liable, at the suit of any person interested in the estate, for the use of such estate, for the amount of such claims or the value of such property as may have been lost by his neglect to use such diligence. Article 3353, Revised Civil Statutes.

[2] At the time of Chase's appointment as administrator he, as an individual, separate and apart from his fiduciary character, became liable to the estate absolutely for the amount of that debt. But, in his fiduciary capacity, he became liable to the estate for it only upon failure to exercise ordinary diligence in placing the amount thereof to the credit of the estate. If, for instance, instead of applying it ·promptly, he delayed, and as a result of such delay he became unable to pay it by reason of bad investments, destruction, or loss of property or other untoward event, he would become liable in his

fiduciary capacity for the amount of the debt. If he became liable in his fiduciary capacity, his sureties became liable in his default. For they contracted that he should "well and truly perform all the duties required of him under said appointment." Article 3310, Revised Civil Statutes of Texas. His duty was to exercise ordinary diligence. If, due to neglect in his fiduciary capacity, he failed, in his individual capacity, to pay his debt to the estate, his sureties became liable.

[3] There is no allegation in plaintiff's petition charging Dana E. Chase with failure to use ordinary diligence in his fiduciary capacity to secure the application to the estate of the proceeds of the debts owed by him as an individual to that estate. Therefore there is no allegation of any failure of duty as administrator, and consequently no allegation upon which to found any liability of the bonding company as his surety for failure to discharge his duty. The general demurrer should have been sustained.

The case should be reversed, and remanded for proceedings in accordance with this opinion, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.