BENEFICIAL FINANCE CO. OF
AUSTIN, Appellant,

v.

Charles WILLIAMS, Appellee.

No. 7836.

Court of Civil Appeals of Texas,
Beaumont.

June 17, 1976.

Rehearing Denied July 15, 1976.

Richard L. Alexander, Austin, for appellant.

Frank A. Casebier, Austin, for appellee.

KEITH, Justice.

Appellant is Beneficial Finance Company of Austin, and it was defendant in the trial court. Having been sued under several new statutes and regulations,[1] it answered by a general denial. After a trial to the court in which plaintiff was the only witness, judgment in the sum of $2,894.16, "such sum consisting of the penalties provided by statute," together with attorney's fees in the sum of $633.00, was entered in favor of plaintiff and against the defendant. Defendant has perfected its appeal from such judgment upon several points of error. Having reviewed the record and, finding no error, we affirm for the reasons now to be stated.

---

1. Plaintiff invoked the Truth in Lending Act, 15 U.S.C.A. § 1601, et seq. (1974), hereinafter the "Act"; The Texas Consumer Credit Code, Tex. Rev.Civ.Stat.Ann. art. 5069–2.01, et seq. (1971), hereinafter the "Code"; and Regulation "Z" promulgated by the Board of Governors of the Federal Reserve System, 12 C.F.R. 226, hereinafter "Regulation 'Z'."

■ In its first point, defendant contends that error is shown because the trial court failed to file findings of fact and conclusions of law under Tex.R.Civ.P. 296. We concede that defendant complied with all of the provisions of the Rule and no such findings or conclusions were filed. But we have a complete statement of facts including numerous exhibits and defendant has failed to show that it has suffered injury because of the failure to file such findings. Defendant's only authority, *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 120 (1944), is dispositive. Our record affirmatively shows that defendant has suffered no injury in the premises. Point one is overruled.

Defendant brings three bifurcated points on for consideration[2] and we will treat them jointly. It is apparent from the argument that the thrust of the contention is that the plaintiff did not establish that the lending agency was the defendant corporation known as Beneficial Finance Company of Austin.

We have examined the record under the appropriate standards, i. e., those set out in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965), and now overrule each of the points of error.

Plaintiff was the only witness who gave testimony going to the merits of the controversy (his counsel testified on the issue of attorney's fees only), and it must be admitted, he was not too positive as to the legal identity of the lending agency with whom he did business. Plaintiff did, however, introduce in evidence numerous documents which formed the basis of the loan transaction he had with the lending agency. The originals of the exhibits are in our record and the note involved was made payable to:

"BENEFICIAL FINANCE CO.
OF AUSTIN
5427 NO. INTERREGIONAL
AUSTIN, TEXAS
TRAVIS COUNTY
4504106 TEL. CL 2 0160"[3]

Immediately below the foregoing wording, which appears to have been placed upon the face of the printed note with a rubber stamp, appear these words: "The Lender's name and address above and the items set forth in the box directly below are expressly made a part of this Note." The note bears, according to plaintiff's undisputed testimony, the signatures of plaintiff, his wife, and certain witnesses in defendant's office. As noted earlier, defendant offered no testimony upon the trial.

■ Plaintiff testified as to his prior dealings with the defendant and from the instruments introduced in evidence, some by the defendant,[4] it readily appears that

---

**2.** *Point Two* contends that the trial court erred in holding that the transaction complained of was within the scope of the Act because (a) there is no evidence that defendant was a "creditor," or (b) the finding is not supported by "sufficient evidence." *Point Three* complains of the finding that defendant was a licensee, as defined in the Code, is not supported by any evidence or, alternatively, by sufficient evidence. *Point Four* complains of the finding that defendant made the loan to the plaintiff because there is no evidence supporting such finding or, alternatively, such finding is not supported by sufficient evidence.

**3.** For some unexplained reason, the words "BENEFICIAL FINANCE CO." are almost illegible upon all of the other remaining documents making up the complete "paper package" of the transaction. However, a careful examination thereof with the aid of a magnifying glass removes all doubt as to the name of the lender—the creditor was Beneficial Finance Company of Austin.

**4.** Defendant introduced as D–1 the original of an instrument signed by plaintiff showing an interest charge of $630.58 upon a loan of $2181.42 with an annual percentage interest rate of 16.85 percent. This document contained this language just above the signatures of the parties: "The undersigned also acknowledge receipt of a Statement of Disclosure as prescribed by the aforesaid Consumer Credit Protection Act and Regulation Z and further agree that the proceeds of loan were received on the date shown below and were disbursed, in accordance with the undersigned's authorization, for the items shown in the box to the right above, receipt of the item designated 'Cash or Check Delivered to Borrowers' hereby being acknowledged." The box mentioned discloses that only $37.25 was delivered to borrower by "cash or check," the remainder of the principal sum being shown to have been paid to other parties, presumably merchants or creditors.

**92**

defendant was a creditor as defined in Title I, § 103(f) of the Act [15 U.S.C.A. § 1602(f)].

■ Both parties introduced the instrument showing that defendant was engaged in the loan business; and, defendant made no effort to disprove the statements contained in the document. Granted that the old rule that a party who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals has now become a casualty to its exceptions [*Gevinson v. Manhattan Construction Co. of Okl.,* 449 S.W.2d 458, 466 (Tex.1969)], nevertheless, defendant made no effort to dispute any of the recitals in Exhibit D–1; and, under these circumstances, we are of the opinion that defendant is bound by the recitals therein. *City of San Antonio v. Guido Bros. Construction Co.,* 460 S.W.2d 155, 162, fn. 8 (Tex.Civ.App.— Beaumont 1970, writ ref'd n. r. e.). Another written document, the "security agreement" which defendant introduced in evidence (as D–4) contained references to "Article 3:15(5) of the Texas Consumer Credit Code" as well as "Section 6 of said Article 3:15." This is a direct reference to the statute fixing the maximum rates of interest which a licensee under the Code may charge. Only a lender who was a licensee under Art. 5069–3.01 of the Code could have made a lawful loan in the amount and at the rate of interest provided in the note.

Being of the opinion that none of defendant's points of error has any merit, each is overruled and the judgment of the trial court is affirmed.

AFFIRMED.

STEPHENSON, J., not participating.