Ralph W. CURRIE, Appellant,

v.

Millard L. DRAKE, Executor of the Estate of Eugene Dixon Duncan, Deceased, Appellee.

Elizabeth HOLT, Appellant,

v.

Millard L. DRAKE, Executor of the Estate of Eugene Dixon Duncan, Deceased, Appellee.

Nos. 19126, 19127.

Court of Civil Appeals of Texas, Dallas.

March 29, 1977.

Rehearing Denied April 28, 1977.

Ralph W. Currie, Dallas, for appellants.

Roy J. True, True & Zable, Dallas, for appellee.

ROBERTSON, Justice.

Appellant, Elizabeth Holt, appeals in cause No. 19127 from a probate court's order finding her individually liable in the sum of $12,771.10 paid by the estate of Eugene Dixon Duncan on a claim by her attorneys when she was the administratrix of the estate and from the probate court's refusal to allow her to claim offsets as administratrix to which she is allegedly entitled. Appellant, Ralph Currie, her attorney when she was administratrix, in cause No. 19126 appeals from the same order finding him individually liable for the same sum and directing that court costs in the amount of $771.10 be assessed against him. We have consolidated the two appeals because of their similarity of issues. Both appellants contend that the probate court erred in construing the mandate previously issued by this court reversing the probate court's original order directing payment of the claim. Further, appellant Currie argues that the probate court disregarded the supreme court's opinion in *Muse, Currie & Kohen v. Drake*, 535 S.W.2d 343 (Tex.1976), when it assessed the court costs against him. Although we do not hold that the probate court erred in the substance of its order, we do hold that the court should have held an evidentiary hearing and that the court entered an improper order in that it should have entered a judgment, assessing

the costs against Drake. Consequently, we reverse and remand the cause with instructions.

The background facts of this case are reported in *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369 (Tex.Civ.App.—Dallas), *writ ref'd n. r. e. per curiam*, 535 S.W.2d 343 (Tex.1976). Consequently, we will limit our discussion to those facts pertinent to this appeal. While Holt served as the administratrix of the estate, the law firm of Muse, Currie & Kohen was employed as her attorney, and they presented a statement for services rendered in regard to a successful contest of an application to probate a foreign will of the decedent, to revoke Holt's letters of administration, and to issue letters testamentary to Millard L. Drake, the executor named in the will. The statement was for $12,771.10. Holt allowed the claim against the estate and filed an application with the probate court for attorneys' fees requesting it to approve the claim under Tex.Prob.Code Ann. § 242 (Vernon 1956). Drake, the proponent of the foreign will, objected upon the ground that the fees were personal expenses incurred by Holt to preserve her status as administratrix and, therefore, were not a claim against the estate. A hearing was held and the probate court approved the claim against the estate. After an appeal without supersedeas was filed, *Holt presented to the probate court* an application for an order directing payment of the claim, and when the order was entered, the *moneys were paid* to the attorneys. On appeal, we reversed the order of the probate court and denied Holt's application for an order directing payment. After writ of error was refused by our supreme court, a mandate of this court was returned to the probate court as follows:

This cause came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of the Court that there was error in the judgment, it is therefore considered, adjudged and ordered that the judgment of the court below be reversed, and judgment is herein rendered that the application of Elizabeth Holt, administratrix of the Estate of Eugene Dixon Duncan, for an order directing the payment of a claim for attorney's fees to Muse, Currie & Kohen in the amount of $12,771.10 is denied, and that all costs be taxed against appellees Muse, Currie & Kohen, for which execution may issue, and this decision be certified below for observance.

Prior to the return of the mandate, the probate court admitted the foreign will of the decedent to probate, revoked Holt's letters of administration and issued letters testamentary to Drake. When the mandate was returned, Drake filed an application seeking delivery of the estate's assets including reimbursement of the $12,771.10 paid to Holt's attorney under the erroneous order. A show-cause order was issued and served upon Holt and Currie, who filed a written response and appeared for hearing on the day ordered. Subsequently, without hearing any evidence, the probate court entered the order now on appeal, which directs that Holt and Currie, her attorney, make restitution and pay the aggregate sum of $12,771.10 to the estate in observance of our mandate. The order directs both Currie and Holt to return the sum to the estate.

### Jurisdiction of Appeals

Before we can address the substantive issues, first we must determine if we have jurisdiction of the appeal. Drake, on behalf of the estate, has filed a motion to dismiss both appeals on the ground that the order appealed from is interlocutory and, therefore, not appealable. The order directs that: (1) Holt file a final accounting with the probate court not later than five days after entry of the order; (2) Holt deliver all assets and property of the estate in her possession no later than five days from the entry of the order; (3) Holt and Currie make restitution and pay the estate the sum of $12,771.10 in compliance with the mandate; and (4) Drake not remove any assets of the estate from the jurisdiction of the probate court until the final accounting or until further orders are rendered. Drake contends that although the pertinent part of the order appealed com-

pletely adjudicates the issue now raised on appeal, all additional pronouncements contained in the order are interlocutory and, therefore, the whole order lacks finality. Our supreme court has written that an appeal in a probate matter is authorized if it is taken from a decision, order, decree, or judgment which finally disposes and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213 (1960). Although the probate court's decision must have conclusively adjudicated the controverted question or right, the decision need not be one which finally and fully disposes of the entire probate proceeding. *Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385, 386 (1945). We agree with the reasoning of the Houston Court of Civil Appeals when it wrote that when a trial court's judgment in a probate proceeding effectively disposes of the basic controverted issue between the parties, the judgment is final and appealable. *Cherry v. Reed*, 512 S.W.2d 705, 707 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.). In this case, the controverted issues are whether: (1) the court properly held Holt and Currie responsible for restitution to the estate without offsets, and (2) the court had jurisdiction to issue any further order binding on Holt and Currie since our reversal was a negative pronouncement with no relief of restitution ordered. These issues have been finally adjudicated by the court and, therefore, the order is appealable.

The estate cites *Powell v. Hartnett*, 521 S.W.2d 896 (Tex.Civ.App.—Eastland 1975, no writ), to support its contention that this order is not appealable. However, in that case the court held that the order did not dispose of the issue of ownership of money, but instead merely placed the items under the care and control of the probate court until a final determination of ownership. In this case, the probate court has ordered money returned to the estate in compliance with our mandate, and there is no further determination to be made of the issues. Consequently, we overrule the estate's mo-

tion to dismiss the appeal and hold that we have jurisdiction.

### Holt's Individual Liability

■ Holt contends that the probate court erred in construing our mandate to hold her individually liable to the estate. In our prior opinion, we specifically held that Holt did not have a legal duty as administratrix to resist the application for probate of the foreign will and that the mere fact that the probate of the will might alter or exhaust a share in the estate of an heir does not, in itself, create a legal duty on the part of the administratrix which would allow her to charge the resulting attorneys' fees to the estate. *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369, 374 (Tex.Civ.App.—Dallas), writ ref'd n. r. e. per curiam, 535 S.W.2d 343 (Tex.1976). Consequently, any sum charged by her attorneys for contesting the probate of the foreign will was her debt and not chargeable to the estate. Since her debt is personal and not in the capacity as administratrix, the probate court was correct in holding her individually liable for reimbursement.

■ Although Holt contends that she should not be individually liable because she was acting only under the orders of the court, the record reveals that she actively sought payment of her attorneys claim against the estate. The executor, as current representative of the estate, argues that she was under no duty to pay the money before a final adjudication of the matter on appeal. Our supreme court has long held that a party obtaining any advantage or benefit through a judgment that is later reversed must return the benefit to the other party. *Peticolas v. Carpenter*, 53 Tex. 23 (1880). When the estate paid Holt's attorneys' fees, she directly benefited and, therefore, is personally liable for the restitution to the estate.

Although Holt concedes that there are no cases to support her position directly, she has drawn an analogy to the situation in which the party deposits money in the court's registry to await a decision. In that case, Holt contends the clerk would not be

held personally liable for restitution for money paid under order of the court, should it develop on appeal that the trial court ruling was wrong. To support her position, she cites *Zachary v. Overton*, 157 S.W.2d 405, 407 (Tex.Civ.App.—Galveston 1941, writ ref'd w. o. m.). However, the facts of that case are distinguishable in that after the money had been deposited in the court's registry, the appellant voluntarily dismissed his suit, thereby requiring the court to disburse the deposits in its registry prior to a final adjudication on the merits. The court held that under those circumstances the appellant was free to file a new suit to recover the sum, but could not complain of the disbursement out of the registry. Also, Holt cites us to *Gonzalez v. Texas Employers Insurance Ass'n*, 509 S.W.2d 423, 425 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.), wherein this court discussed the liability of an interpleading stakeholder. However, in that case, although the interpleader offered to pay money into the court, it actually did not do so, but instead paid a sum under a judgment of the court prior to the final adjudication on appeal. The question in that case was whether payment to a party under a judgment pending appeal was equivalent to payment into the court. We held specifically that it was not. Consequently, Holt's analogy is not persuasive here.

*Probate Court's Jurisdiction*

Also, Holt contends that the probate court was not authorized to enter the order because the final judgment pronounced by us and our mandate was a negative pronouncement and did not give affirmative relief to Drake. This contention is also urged by Currie in his appeal, and, therefore, we will deal with this issue in relation to both parties.

 The basic thrust of Currie and Holt is that in *Salgo v. Hoffman*, 521 S.W.2d 922 (Tex.Civ.App.—Dallas 1975, no writ). This court held that when an erroneous judgment has not been suspended pending appeal and the relief granted has already been obtained, the successful appel-

lant may reclaim what he has been deprived of, but he must do so by a proper pleading, have citations served on his opponent and anyone else whose rights will be affected, establish by evidence the denial of his rights, and obtain the necessary relief in the normal course of judicial process. Both Holt and Currie interpret this to mean that in order to acquire restitution of property transferred under an erroneous judgment, the party must file a second and separate law suit and cannot merely file a motion for restitution before the court which rendered the erroneous order. We cannot agree. In *Salgo*, the successful defendant sought an immediate order of restitution without any further hearing or evidence. This court held that such summary relief was properly denied, but did not pass on the question of whether restitution should be ordered in the same or different suit. We now hold that it would be unreasonable to impose technical formalities on a party attempting to recover wrongfully taken property to which he is entitled so long as basic requirements of notice and hearing are met. The right of restitution of what one has lost by the enforcement of a judgment subsequently reversed has long been recognized. A party may have restitution upon its own motion after an evidentiary hearing establishing with certainty what he has lost. *Northwestern Fuel Co. v. Brock*, 139 U.S. 216, 220, 11 S.Ct. 523, 35 L.Ed. 151 (1891). Where a judgment for debt is reversed after it has been enforced by execution and the case is finally decided in favor of the defendant, he is entitled to restitution, and the relief to which he is entitled may be obtained in the same case without resorting to a new suit. *Peticolas v. Carpenter*, 53 Tex. 23, 29 (1880). In *Texas Land & Irrigation Co. v. Sanders*, 101 Tex. 616, 111 S.W. 648, 649 (1908), the court specifically stated that even when a court had no jurisdiction to try the original suit; yet, having entered an order in that suit whereby the plaintiff acquired possession of property which belonged to the defendant, the court that committed the error had jurisdiction to restore the property wrongfully taken. Finally, in *Cleveland v. Tufts*, 69 Tex. 580, 7

S.W. 72, 74 (1888), the court stated that the cause of action was germane to the subject matter of the controversy, and there was no necessity for subjecting the parties to the cost and trouble of another action to remedy a wrong inflicted by the institution of the suit then before the court. In view of this long line of authorities, we cannot agree with Holt and Currie that Drake improperly filed a motion before the probate court.

### Lack of Evidentiary Hearing

■ Holt and Currie contend that they were denied the right during the hearing held by the probate court to present evidence of offsets against the estate. We have found no evidence in the record to show that an evidentiary hearing was held prior to the entry of the probate court's order wherein Holt and Currie were allowed to present evidence. Consequently, we hold that on remand of this cause the probate court should hear evidence for the purpose of determining the amount to be paid. *Northwest Fuel Co. v. Brock*, 139 U.S. 216, 220, 11 S.Ct. 523, 35 L.Ed. 151 (1891).

### Improper Remedy

■ At the conclusion of the hearing the court entered an order directing that actions be taken. A portion of that order directed that Holt and Currie return moneys which were owed to the estate. The order does not direct appellants to deliver to the executor a specific identified fund in being, but only to repay the amount of money previously received. Consequently, this portion of the order is a direction for payment of a debt, and if the parties do not comply, it would not be enforceable by contempt. Tex.Const. art. I, § 18. The proper remedy would have been a judgment on which execution might be levied. *Northwestern Fuel Co. v. Brock, supra*, and *Salgo v. Hoffman*, 521 S.W.2d 922, 925 (Tex.Civ. App.—Dallas 1975, no writ). Accordingly, we reverse the order and remand the cause to the probate court with instructions to conduct a hearing wherein testimony may be taken concerning the payment of the claim and offsets, if any, and render a judgment accordingly.

### Cost of Appeal

Currie alone complains that costs in the amount of $771.10 were assessed against him in contradiction to the supreme court's direction in *Muse, Currie & Kohen v. Drake*, 535 S.W.2d 343, 345 (Tex.1976). In that opinion, the supreme court stated that in a separate appeal (*Holt v. Drake*, 505 S.W.2d 650 (Tex.Civ.App.—Eastland 1973, no writ), the mandate of that court taxed the costs of appeal in the amount of $771.10 against Drake. These costs were advanced by Currie on Holt's behalf previously. According to Currie's application for writ of error, the costs taxed against Drake were paid by him to the estate, rather than to Holt. Accordingly, Currie contended that he was entitled to reimbursement from the estate. Although the supreme court left these matters to be sorted out by the parties in accordance with the mandate of the Eastland Court of Civil Appeals, it stated that if costs of the appeal were taxed against the losing party in accordance with Tex.R. Civ.P. 448, then Holt, as the winning party, should be entitled to reimbursement. Accordingly, we hold that the probate court erred in taxing these costs of appeal against Currie. We are unable to ascertain from the record whether Drake has tendered the amount into the estate, and, accordingly, we must leave these matters to be sorted out by the parties during the evidentiary hearing to be conducted on remand of this cause. The above holding should not be interpreted to contradict our mandate which taxed costs of the appeal before this court against Currie.

Accordingly, we reverse the cause and remand with instructions to the probate court to conduct an evidentiary hearing and then to enter judgment determining the amount to be returned to the estate after allowing any offsets and to tax costs accordingly.

*Reversed and remanded.*