TRINITY UNIVERSAL INSURANCE
COMPANY and Ralph W.
Currie, Appellants,

v.

Millard L. DRAKE, Executor of the
Estate of Eugene Dixon Duncan,
Deceased, Appellee.

No. 19695.

Court of Civil Appeals of Texas,
Dallas.

July 31, 1979.

Rehearing Denied Sept. 10, 1979.

Ralph W. Currie, Dallas, pro se.

Gary W. Maxfield, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellants.

Roy J. True, Stephen R. Bishop, True & Zable, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This is a sequel to a dispute concerning the payment of attorney's fees from the Estate of Eugene Duncan. This is the fourth appeal concerning this estate and a brief background is necessary to fully understand the issues presented by this appeal. In 1968, Elizabeth Holt was appointed administratrix of the Duncan estate in Texas. In New Hampshire, appellee, Millard Drake, was appointed executor of the Duncan estate under Duncan's will which was probated in New Hampshire. Appellee attempted to have the New Hampshire will admitted to probate in Texas as a foreign will and to have Holt removed as administratrix, but Holt resisted appellee's efforts. Holt hired Currie, an attorney in Texas, to resist the application to probate the New Hampshire will in Texas. The trial court admitted the will to probate, but Holt appealed, and the Eastland Court of Civil Appeals reversed and remanded the cause on the ground that evidence was admitted in contravention of the Dead Man's Statute. *Holt v. Drake*, 505 S.W.2d 650 (Tex.Civ. App.—Eastland 1973, no writ). On remand in 1976, Duncan's will was admitted to probate in Texas, and Holt was removed as administratrix.

Before Holt was removed as administratrix, she sought and obtained approval from the probate court to pay her attorney, Currie, $12,000 from estate funds for services rendered in resisting probate of the New Hampshire will. The executor of the Duncan estate appealed this order. On appeal, we held that since administratrix Holt did not have a legal duty to contest the foreign will, the attorney's fees paid to Currie were not chargeable to the Duncan estate. Accordingly, we reversed the order authorizing payment. *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369 (Tex.Civ.App.—Dallas 1975), *writ ref'd n. r. e. per curiam*, 535 S.W.2d 343 (Tex.1976).

After further proceedings in the probate court and on yet another appeal, we held in *Currie v. Drake*, 550 S.W.2d 736 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.), that administratrix Holt was liable to the estate for the $12,000 she paid to Currie and that the indebtedness was the personal debt of Holt. We did not render a final judgment, but remanded the case to the probate court to allow Holt and Currie to present evidence on the amount of legal fees that Currie was rightfully entitled to receive from the Duncan estate for services rendered to the estate, exclusive of the $12,000 for resisting the New Hampshire will. On

remand, the probate court found that Currie had rendered legal services to the estate in the sum of $5,000 for which he had not been paid.

In the order now before us, the probate court determined that Holt and appellant Trinity Universal Insurance Company, Holt's surety, and appellant Currie were jointly and severally liable for the $12,000 in attorney's fees paid to Currie for services rendered to Holt in contesting the New Hampshire will. The probate court then allowed Holt, Currie, and Trinity Universal an offset for the $5,000 of legal services Currie rendered the estate prior to the application of the New Hampshire will. The court in its order added interest to the $12,000 and held Currie, Holt, and Trinity Universal jointly and severally liable for the resulting total of $8,671 ($7,000 plus $1,671 in interest). The probate judge also held that Holt and Trinity Universal were jointly and severally liable under Tex. Probate Code Ann. § 245 (Vernon Supp. 1978–1979) for appellee's attorney's fees in prosecuting this action to recover these funds.

## Points on Appeal

On this appeal, appellants Trinity Universal and Currie both complain of several errors committed by the probate court. Holt did not appeal. Trinity Universal argues that the probate court erred for the following reasons: (1) in failing to file findings of facts and conclusions of law after proper requests; (2) in holding it liable as surety for administratrix Holt; and (3) in holding it and Holt jointly and severally liable for appellee's attorney's fees. Currie complains of the probate court's action in holding him jointly and severally liable, along with Holt and Trinity Universal, to the estate for the $12,000 of attorney's fees Holt paid to Currie. He also asserts that Holt and Trinity Universal should not receive a credit for the $5,000 due him for services rendered to the estate. He next contends that the probate court erred in calculating interest on the $12,000 instead of on $7,000.

We reverse the judgment of the probate court in six respects: (1) in holding Trinity Universal and Holt liable for appellee's attorney's fees under section 245 of the Probate Code; (2) in holding Holt and Trinity Universal jointly and severally liable, as opposed to primarily and secondarily liable, for the $12,000 of attorney's fees paid to Currie for Holt's individual debt; (3) in holding Currie jointly and severally liable for reimbursement of the $12,000 of attorney's fees; (4) in giving Holt and Trinity Universal a credit for the $5,000 due Currie; (5) in failing to grant judgment for Currie for $5,000; and (6) in calculating interest.

## Failure to Make Findings of Fact and Conclusions of Law

■ We address Trinity Universal's contentions first. Trinity Universal first argues that the probate judge committed reversible error by failing to file findings of fact and conclusions of law after Trinity Universal made timely requests for such findings. Appellant Currie also raises this same argument. We overrule this contention because Trinity Universal and Currie have failed to show that they have suffered injury by the failure of the probate judge to prepare findings of fact and conclusions of law. *Beneficial Finance Co. of Austin v. Williams*, 539 S.W.2d 90, 91 (Tex.Civ.App.—Beaumont 1976, writ dism'd). Indeed, the only questions presented to the probate judge and to us concern questions of law rather than questions of fact. Thus, the record affirmatively reflects that appellants have suffered no prejudice by the failure of the trial judge to file findings of fact and conclusions of law because we can determine the questions of law presented and render judgment accordingly. *See Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 120 (1944). Although the better practice is for the judge to file his findings and conclusions, it is not reversible error here.

## Assessment of Attorney's Fees

Trinity Universal next contends that the probate court erred in assessing appellee's attorney's fees against it and Holt under

Tex.Probate Code Ann. § 245 (Vernon Supp. 1978–1979). Section 245 reads as follows:

When the personal representative of an estate or person neglects the performance of any duty required of him, *and any costs are incurred thereby*, or if he is removed for cause, he and the sureties on his bond shall be liable for costs of removal and other additional costs incurred that are not authorized expenditures, as defined by this code. [Emphasis added]

Although the judgment recites that the attorney's fees were awarded solely under section 245 of the Probate Code, appellee argues that the award of attorney's fees should be affirmed on the basis of both section 245 and Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1978–1979), which provides generally when attorney's fees are recoverable. Appellee asserts that because the surety bond is a contract, this suit is a suit on a contract, and, therefore, article 2226 permits the recovery of attorney's fees. We disagree for the following reasons.

■ First, section 245 of the Probate Code does not authorize the assessment of attorney's fees against Holt and Trinity Universal because that section only provides for the recovery of "costs". Tex. Probate Code Ann. § 12(a) (Vernon 1956) states that "[t]he provisions of law regulating costs in ordinary civil cases shall apply to all matters in probate when not expressly provided for in this Code." The term "costs" in civil proceedings does not include attorney's fees, unless otherwise provided for by contract or statute. *Johnson v. Universal Life & Accident Insurance Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). Consequently, attorney's fees are not costs recoverable under section 245. Had the legislature intended that attorney's fees be recoverable as costs under section 245, it would have expressly so provided. In this respect, we note that Tex. Probate Code Ann. § 242 (Vernon 1956) expressly provides for attorney's fees under expenses allowed a personal representative. Because there is no mention of attorney's fees in section 245, we hold that they are not recoverable as costs under section 245.

■ Second, article 2226 does not permit appellee to recover attorney's fees because the surety bond is not a contract between appellee and Trinity Universal. The bond is a contract only between administratrix Holt and Trinity Universal. Article 2226 provides:

Any person . . . having a valid claim . . . *or suits founded on oral or written contracts*, may present the same to such persons . . . and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, *a reasonable amount as attorney's fees.* [Emphasis added]

In construing article 2226, we apply the rule that article 2226 must be strictly construed because it is penal in nature. *Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814, 818 (Tex.1970). Although we agree that appellee's suit against Trinity Universal is predicated upon the bond covering defalcation by the administratrix, Trinity Universal's liability is dependent upon the primary liability of Holt, its principal. Holt cannot be held liable for attorney's fees under article 2226 because there is no contract between appellee and Holt upon which attorney's fees may be predicated. Consequently, it follows that if Holt is not liable for attorney's fees, neither is Trinity Universal liable because its liability as surety cannot extend beyond the liability of its principal, Holt. Accordingly, we hold that Trinity Universal cannot be assessed attorney's fees under article 2226. *See Janak v. Security Lumber Co.*, 513 S.W.2d 300, 302 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ).

### *Liability of Surety for Defalcation by Principal*

■ We next address Trinity Universal's contention that the probate court erred in holding it liable on Holt's bond for the $12,000 of attorney's fees Holt paid to Currie for resisting the probate of the New Hampshire will. Trinity Universal asserts

that no evidence or, alternatively, insufficient evidence exists of any act by administratrix Holt, in her capacity as administratrix, to constitute a breach of the surety bond. Trinity Universal's bond guaranteed that the administratrix "shall well and truly, faithfully perform all the duties required of her" as administratrix. Trinity Universal contends that before liability attaches to it as surety, there must be evidence that the administratrix has breached her fiduciary duty so as to fall within the ambit of the bond. According to Trinity Universal, the administratrix did not breach her fiduciary duty because she did not pay the attorney's fees fees to Currie fraudulently or in bad faith. It is undisputed that Holt paid the legal fees to Currie pursuant to an order of the probate judge which was later reversed on appeal by this court. *Currie v. Drake*, 550 S.W.2d 736 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.).

Furthermore, Trinity Universal contends that the prior opinion of this court in *Currie v. Drake* established liability of the administratrix in her individual capacity, as distinguished from liability in her fiduciary capacity. In *Currie v. Drake*, we stated:

[A]ny sum charged by her attorneys for contesting the probate of the foreign will was her debt and not chargeable to the estate. Since her debt is personal and not in the capacity as administratrix, the probate court was correct in holding her individually liable for reimbursement.

. . . . .

When the estate paid Holt's attorneys' fees, she directly benefited and, therefore, is personally liable for the restitution to the estate.

550 S.W.2d at 739. Trinity Universal stresses that the above language establishes that Holt acted wrongfully in her individual capacity as distinguished from her capacity as administratrix and, therefore, it is not liable on her bond. Additionally, Trinity Universal cites *American Surety Co. of New York v. Norton*, 238 S.W. 1111 (Tex. Comm'n App.1922, holding approved), for the proposition that before a surety can be held liable on its bond, there must be pleading and proof that the administratrix breached her fiduciary duty. Essentially, Trinity Universal asserts that there is no pleading or proof to support a finding that Holt breached her fiduciary duty, and that our prior opinion establishes that the administratrix incurred the liability for $12,000 in attorney's fees in her individual capacity, rather than in her fiduciary capacity. We cannot agree with these contentions.

Although in *Currie v. Drake* we held administratrix Holt personally liable for repayment of the attorney's fees for contesting the application for probate of the New Hampshire will, this does not mean that the surety is discharged from its liability on its bond. It has been judicially determined by this court that Holt wrongfully paid attorney's fees out of the monies of the estate to Currie for her personal benefit. Consequently, she breached her fiduciary duty to the estate for which breach the surety is liable on its bond. *See Ward v. Maryland Casualty Co.*, 140 Tex. 124, 166 S.W.2d 117 (1942); *Smith v. Paschal*, 1 S.W.2d 1086 (Tex.Comm'n App.1928, judgmt. adopted). The very purpose of the bond was to protect the estate from any defalcation committed by the administratrix, including using estate funds to pay her personal obligations. Thus, the probate judge correctly held Trinity Universal liable on its bond because Holt breached her fiduciary duty by paying her personal debt with monies from the estate.

### Fraud

Furthermore, fraud on the part of the administratrix, as argued by Trinity Universal, is not a condition precedent to Trinity Universal's liability on its bond. In *Mills v. Baird*, 147 S.W.2d 312, 316 (Tex.Civ. App.—Austin 1941, writ ref'd), the court stated:

The undertaking of the surety is to make good any breach of official duty of its principal, *whether or not tainted with fraud*—not because of anything the surety may have done or failed to do, but because the surety has so bound itself by its undertaking. [Emphasis added]

Neither does *American Surety Co. of New York v. Norton*, 238 S.W. 1111 (Tex.Comm'n App.1922, holding approved), support Trinity Universal's position. The requirements of that case, *i. e.*, pleading and proof of a breach of duty by the representative before a surety can be held liable on its bond, have been met by our opinion in *Currie v. Drake*. When the representative's breach of her fiduciary duty has been established as a matter of law, no necessity exists to plead and to prove the representative's breach. Here, the probate court followed our holding in *Currie v. Drake* and correctly imposed derivative liability on Trinity Universal as surety for Holt's defalcation.

### Liability of Currie

We now turn to appellant Currie's points of error. We first address his argument that the probate court erred in holding him jointly and severally liable with Holt and Trinity Universal to the estate for the $12,-000 in legal fees he received for contesting the probate of the New Hampshire will. Currie contends that he cannot be ordered to return these funds to the estate because, as between Holt and him, he has earned this money for services rendered. We agree.

■ Currie has no liability to the estate merely because Holt paid her obligation to him with estate funds in breach of her fiduciary duty. Although we determined that administratrix Holt had no legal duty to contest the New Hampshire will, she nevertheless had paid her personal indebtedness to Currie with estate funds. No question exists with respect to Holt's indebtedness to Currie for these fees. Absent some allegation of wrongdoing or conspiracy between Holt and Currie, no legal theory supports holding Currie liable to the estate for reimbursement because as between Holt and Currie the fees were earned by Currie.

In holding Currie liable, the probate court apparently relied on the rule in *Peticolas v. Carpenter*, 53 Tex. 23, 29 (1880), which we cited in our prior opinion, *Currie v. Drake*, 550 S.W.2d at 739. *Peticolas* held that a party obtaining any benefit or advantage through a judgment that is later reversed must return what he received to the other party. Insofar as we know, the rule in *Peticolas* has never been applied, and should not be applied, to a situation where a third party renders legitimate services, apparently for an estate, and receives payment for those services, but where it is later determined that those services were for the benefit of the personal representative rather than the estate. If a third party could be ordered to reimburse an estate for fees earned because an appellate court determined that the representative wrongfully paid them, then third parties would be reluctant to render services to estates. This would be untenable because it would hamper the orderly administration of estates. Here, administratrix Holt acted wrongfully in using estate funds to pay her individual debt to Currie, and absent some allegation that Currie breached a duty to the estate, Currie cannot, as a matter of law, be held liable to the estate for Holt's malfeasance. Accordingly, we hold that the probate court erred in rendering judgment against Currie for return of these funds.

### Res Judicata

■ Appellee argues, however, that Currie's liability to the estate is res judicata because Currie's liability was established by our opinion in *Currie v. Drake*, 550 S.W.2d 736 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). We cannot agree that res judicata applies here because no final judgment was rendered with respect to Currie's liability in our former opinion. Indeed, that question was not addressed by this court. Instead, we reversed and remanded for further proceedings the order of the probate court which had held Holt and Currie liable for reimbursement to the estate. Before the doctrine of res judicata is applicable, a final judgment must exist. *See Stafford v. Powell*, 148 S.W.2d 965, 966 (Tex.Civ.App.—Eastland 1941, no writ). Because no such final judgment has been rendered, that doctrine is not applicable. *See Kidd v. Presswood*, 266 S.W.2d 191, 193 (Tex.Civ.App.—

Waco 1954, writ ref'd n. r. e.). Neither is the doctrine of estoppel applicable, as urged by appellee, because estoppel depends upon detrimental reliance by the other party. Because no detrimental reliance exists with respect to appellee, that doctrine is also inapplicable.

### Joint and Several Liability

■ Currie's argument that the probate judge erred in holding him jointly and severally liable with Trinity and Holt for repayment of the $12,000 compels us to correct the probate judgment in one further respect. Generally, joint and several liability arises when two or more persons jointly engage in the commission of a tort or co-sign a note or contract. No joint and several liability exists for reimbursement of the $12,000 because Holt is primarily liable and Trinity Universal, as surety for Holt, is secondarily liable, as a matter of law. Demand has been made on Holt to reimburse the estate; she has not done so and judgment has been rendered against her. The surety must now bear that responsibility under its bond. *See Arceneaux v. Price*, 468 S.W.2d 473, 474 (Tex.Civ.App.—Austin 1971, no writ). No theory of law has been presented to us to impose this liability jointly and severally among the principal, her surety, and her attorney.

### Interest and Legal Fees

■ Currie next asserts that the probate court erred in calculating interest on the $12,000. We agree. Although we have held that Currie is not liable for reimbursement of the $12,000, we address this point so that a final and correct judgment may be rendered. The $12,000 wrongfully paid out of the estate was paid on March 27, 1975. Consequently, prejudgment interest at six percent (6%) is recoverable against Holt, as primary obligor, and Trinity Universal, as secondary obligor, from March 27, 1975, until August 23, 1976, the date of the probate court's original order finding Holt liable. *See Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (Tex.1978); *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*,

576 S.W. 873, 879 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *D. C. Hall Transport, Inc. v. Hard*, 355 S.W.2d 257, 260 (Tex.Civ.App.—Fort Worth), *writ ref'd n. r. e. per curiam*, 163 Tex. 504, 358 S.W.2d 117 (1962). Post-judgment interest is recoverable at the rate of nine percent (9%) until such time as this sum is restored to the estate. Tex.Rev.Civ.Stat.Ann. art. 5069–1.-05 (Vernon Supp. 1978–1979).

■ Finally, Currie argues that he is entitled to judgment against the estate for the $5,000 in legal fees for which he has not been paid. We agree. The probate court in its order of April 20, 1978, found that Currie had rendered this amount of legal services to the estate separate and apart from contesting the New Hampshire will of Duncan. The probate judge failed, however, to render judgment for Currie in this sum, plus interest at nine percent (9%) per annum on this sum from April 20, 1978, until paid. *See Thornal v. Cargill, Inc.*, 587 S.W.2d 884 (Tex.1979) (per curiam). In this respect, the judge erred. No reason exists for denying Currie the fee he had earned from the estate and for applying this sum as a credit to the $12,000 liability of Holt and her surety, Trinity Universal.

### Judgment

Accordingly, we render the following judgment pursuant to Tex.R.Civ.P. 434. The appellee, executor for the estate of Duncan, shall recover judgment against Holt and her surety, Trinity Universal, for the sum of $12,000 with interest at the rate of 6% per annum from March 27, 1975 (the date of wrongful payment), to August 23, 1976 (the date of the probate judge's original order) and thereafter at nine percent (9%) per annum until paid. Judgment is rendered against Holt and for Trinity for all sums paid by Trinity as Holt's surety on her bond. Currie shall recover judgment against appellee for $5,000 plus statutory interest of nine percent (9%) from April 20, 1978, until paid. In accordance with the probate order, judgment is also rendered against Holt, primarily, and Trinity Univer-

sal on its bond for six hundred dollars plus interest at the rate of nine percent (9%) per annum from August 31, 1976, until paid. Costs of this appeal shall be taxed one half to Trinity Universal and one half to appellee.

Reversed and rendered.